UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HASHIM SCOTT, *pro se*,

                        Petitioner,

                                                             **SUMMARY ORDER**
          -against-                                     10-CV-3651 (DLI)

DUKE TERRELL, Warden,
Metropolitan Detention Center

                        Respondent.
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      *Pro se*[1] petitioner Hashim Scott ("Petitioner") pled guilty in the United States District Court for the District of New Jersey, to a charge of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846. (*See* 07-CR-484 (D.N.J.), Entries Nos. 27, 31.) He was sentenced to a term of imprisonment of seventy months and a term of supervised release of sixty months. (*See id.*, Entry No. 33.)

      On August 4, 2010, Petitioner filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 ("Section 2241"), on the ground that harsh conditions at the Metropolitan Detention Center in Brooklyn, New York ("MDC"), where Petitioner is currently incarcerated, warrant a reduction of his sentence to 24 months and Petitioner's immediate release under United States Sentencing Guidelines § 5K2.0 ("U.S.S.G. § 5K2.0"). (*See* Pet. at 2.) Specifically, Petitioner alleges that, at the MDC, prisoners: (1) are on lock-down 24 hours a day; (2) have no access to sunlight; (3) have no fresh air; (4) have no air conditioning in the summer

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

at which time the temperature in the housing units exceed 100 degrees; (5) have limited access to the law and leisure libraries; (6) have limited access to medical treatment; (7) are not allowed to participate in recreational activities; and (8) are forced to work among maximum security prisoners who are sentenced to life imprisonment or the death penalty. (Pet. at 2.) Petitioner alleges that as a result of the conditions at the MDC, he has suffered from, among other things, emotional distress, stress, depression, memory loss, frustration and psychological trauma.[2] (Pet. at 2-3.)

The federal habeas statute gives the court jurisdiction to review petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition that challenges the execution of a prisoner's sentence, such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions," is properly brought under Section 2241. *Jiminian v. Nash*, 245 F. 3d 144, 146 (2d Cir. 2001).

The Second Circuit has established that exhaustion of administrative remedies is a prerequisite to federal habeas relief pursuant to Section 2241. *See Carmona v. United States Bureau of Prisons*, 243 F. 3d 629, 634 (2d Cir. 2001). Federal prisoners who seek to challenge the conditions of their confinement are required to first utilize the four-step Administrative Remedy Program developed by the Bureau of Prisons ("BOP"), which requires inmates to: (1) attempt to resolve the issue informally, *see* 28 C.F.R. § 542.13; (2) submit a formal written Administrative Remedy Request to the institution at which the inmate is housed, *see id.*

---

[2] While Petitioner only alleges that the harsh conditions generally exist for prisoners at the MDC and does not specifically state which of the conditions he is personally enduring, in light of Petitioner's *pro se* status, the court will construe the petition to allege that Petitioner is affected by all of the conditions. *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").

§ 542.14; (3) if that decision is unfavorable, appeal the decision to the Regional Director of the BOP, *see id.* § 542.15; and (4) if the Regional Director's decision is also unfavorable, appeal the decision at the regional level to the General Counsel of the BOP, *see id*. *See also Bolling v. Terrell*, 2010 WL 5101074, at *2 (E.D.NY. Dec. 8, 2010). However, where, as here, an exhaustion requirement is prudential, not statutory, "exhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F. 3d 51, 62 (2d Cir. 2003) (citations and internal quotation marks omitted); *Pimentel v. Gonzalez*, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005).

Here, Petitioner does not claim to have exhausted his administrative remedies, but instead argues that "exhaustion of Administrative Remedy would be futile because the [BOP] does not have authority to amend a prisoner sentence or reduce a prisoner sentence." (Docket No. 10-CV-3651, Entry No. 1, Memorandum in Support of Petitioner's Section 2241 Motion ("Pet. Mem.") at 1.) However, a reduction in sentence, cannot be granted based on claims of poor conditions of confinement. Rather,

> [t]he remedy for petitioner's claim, and one that the BOP does have authority to grant, is the improvement of his allegedly harsh conditions of confinement." *Bolling v. Terrell*, . . . 2011 WL 705396, at *2 (E.D.N.Y. Feb. 15, 2011) (finding futility argument of petitioner seeking sentence reduction for harsh conditions of confinement to be unpersuasive because "other available remedies, such as improvement of conditions or transfer, provide a genuine opportunity for relief" and "administrative exhaustion affords the BOP the opportunity to provide the relief"). Since resort to the BOP's Administrative Remedy Program could provide petitioner with a "genuine opportunity for relief," exhaustion of administrative remedies would not be futile. *See id.*

*Medina-Rivera*, 2011 WL 3163199, at *2 (Jul. 26, 2011); *see also Bolling*, 2011 WL 705396 at *2 (denying the petitioner's argument that exhaustion would be futile, where the petitioner

3

sought a reduction of his sentence due to harsh prison conditions).  Thus, Petitioner must exhaust his administrative remedies and challenge the allegedly harsh prison conditions under the Administrative Remedy Program developed by the BOP if he wishes to continue to challenge those conditions.

Furthermore, while U.S.S.G. § 5K2.0 allows downward departures from the Guidelines for harsh pre-trial conditions of confinement, it cannot be applied retroactively to reflect harsh post-conviction conditions.  *See Medina-Rivera*, 2011 WL 3163199 at *2.  Notably, the cases cited by Petitioner for the proposition that harsh conditions during confinement warrant a downward departure from the sentencing guidelines, merely address *pre-sentence* confinement conditions as a basis for a downward departure, not *post-judgment* motions for re-sentencing. (*See* Docket No. 10-CV-3651, Entry No. 6 (citing *Brooks v. USA*, 2008 WL 4693335 (E.D.N.Y. Oct. 23, 2008)); Pet. Mem. at 2-3 (citing *United States v. Francis*, 129 F. Supp. 2d 612 (S.D.N.Y. 2001); *United States v. Sutton*, 973 F. Supp. 488 (D.N.J. 1997); *United States v. Mateo*, 299 F. Supp. 2d 201 (S.D.N.Y. 2004).)  Also, Petitioner has failed to demonstrate that his case satisfies the conditions required to authorize a federal court to modify a sentence *ex post facto*.  *See* 18 U.S.C. 3582(c); *Medina-Rivera*, 2011 WL 3163199 at *2.

Accordingly, for the foregoing reasons, Petitioner's motion for a reduced sentence and immediate release pursuant to Section 2241 is denied.  The court also denies a certificate of appealability as Petitioner failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good

faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      January 23, 2012

/s/
DORA L. IRIZARRY
United States District Judge
